DAVID A. HUBBERT
Acting Assistant Attorney General

TY HALASZ (Colorado Bar)
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
*Tel*. (202) 307-6484
*Fax*. (202) 307-0054
Ty.Halasz@usdoj.gov

*Counsel for the United States*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>NAIZ BAIG,<br>EUGENE SAKAI, in his capacity as Trustee<br>    of the EUGENE SAKAI TRUST,<br>SANTA CLARA COUNTY DEPARTMENT<br>    OF TAX AND COLLECTIONS,<br>CALIFORNIA FRANCHISE TAX BOARD,<br>MINA SHAHKARAMI, in her personal<br>    capacity and in her capacity as Trustee of<br>    the 2011 MINA SHAHKARAMI<br>    REVOCABLE TRUST DATED<br>    SEPTEMBER 16, 2011,<br><br>    Defendants. | Case No. 5:21-CV-6692<br><br>**COMPLAINT** |

Plaintiff United States of America complains and alleges as follows:

1.  This is a civil action timely brought by the United States to: (1) reduce to judgment the outstanding federal tax assessments against Defendant Naiz Baig; (2) foreclose federal tax liens on real property located in Santa Clara County (the Subject Property), and

1  (3) sell the Subject Property and distribute the proceeds from such sale in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties.

2. The United States commences this action pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States, with the authorization and at the request of the Secretary of the Treasury, acting through his delegate, the Chief Counsel of the Internal Revenue Service (IRS).

**DEFENDANTS**

3. Defendant Naiz Baig has been assessed with federal tax liabilities for tax year 2007. Mr. Baig incurred these liabilities while at least partially residing within this District. Upon information and belief, Mr. Baig resides at 7010 San Felipe Road, San Jose, California 95135, though this property is currently on the market for sale.

4. Defendant Eugene Sakai is, upon information and belief, the only trustee of the Eugene Sakai Trust (the Sakai Trust), and is named as a defendant in that capacity under 26 U.S.C. § 7403(b) because the Sakai Trust may claim an interest in the Subject Property at issue in this action. Upon information and belief, Mr. Sakai resides at 2775 40th Avenue, San Francisco, California 94116.

5. Defendant Santa Clara County Tax Collector is named as a defendant under 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property at issue in this action. The County can be served at 70 West Hedding Street, East Wing, 6th Floor, San Jose, California 95110.

6. Defendant California Franchise Tax Board (FTB) is named as a defendant under 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property at issue in this action. The FTB can be served at 9646 Butterfield Way, Sacramento, California 95827.

7. Defendant Mina Shahkarami is named as a defendant under 26 U.S.C. § 7403(b) because she may claim an interest in the Subject Property at issue in this action. Upon information and belief, Ms. Shahkarami resides at 438 Fairmont Avenue, Mountain View, California 94041.

8. Ms. Shahkarami is, upon information and belief, the only trustee of the 2011 Mina Shahkarami Revocable Trust Dated September 16, 2011 (the Shahkarami Trust), and is named as a defendant in that capacity under 26 U.S.C. § 7403(b) because the Shahkarami Trust may claim an interest in the Subject Property at issue in this action.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7403.

10. In accordance with 28 U.S.C. §§ 1391 and 1396, venue is proper in the Northern District of California because Mr. Baig resides in this District, Mr. Baig's federal tax liabilities accrued at least partially in this District, and the Subject Property is located in this District.

## SUBJECT PROPERTY

11. As described more fully below, on March 23, 2012, the Internal Revenue Service (IRS) recorded a Notice of Federal Tax Lien against Mr. Baig with the Santa Clara County Clerk, which provided notice that the statutory liens under 26 U.S.C. § 6321 have priority over all interests in the Subject Property acquired after the attachment of the liens, subject to the provisions of 26 U.S.C. § 6323.

12. The Subject Property is commonly referred to as "237 North 4th Street, San Jose, California 95112" (Santa Clara County parcel No. 467-01-034).

13. The Subject Property is legally described as:

> Beginning at a point on the Westerly Line of Fourth Street distant thereon Southerly 312.50 Feet from the Southerly Line of Julian Street, thence along said Westerly Line of Fourth Street Southerly 37.5 Feet and right angle thereto Westerly 90 Feet and right angle thereto Northerly 37.5 Feet and right angle thereto Easterly 90 feet to the point of beginning, being a part of Lot 5 in Block 5, Range 4 North, City of San Jose.

14. The Subject Property is a vacant lot near downtown San Jose.

15. On October 6, 2008, the Subject Property was acquired by grant deed in the name of "Eugene Sakai, a single man and Niaz Baig, an unmarried man, as tenants in common".

16. The grant deed was recorded October 22, 2008.

17. On July 31, 2012, Mr. Sakai conveyed his undivided 50% share of the Subject Property to "Eugene Sakai, as Trustee of the Eugene Sakai Trust" by quitclaim deed.

18. The quitclaim deed was recorded August 14, 2012.

19. Mr. Baig continues to hold title to an undivided 50% share of the Subject Property.

20. On May 21, 2008, the FTB filed a Notice of State Tax Lien against Mr. Baig with the Santa Clara County Clerk, based on tax years 2004 and 2005.

21. Upon information and belief, the outstanding state tax liability secured by the Notice of State Tax Lien was $71,224.34, as of December 31, 2020.

22. On May 31, 2019, the Santa Clara Department of Tax and Collections recorded a "Notice of Power to Sell Tax-Defaulted Property", which states that the Subject Property was declared to be tax-defaulted on June 30, 2012.

23. The Notice also states that more than five years have lapsed since such declaration, so the Subject Property is subject to sale and will be sold unless redeemed.

24. A subsequent Notice of Sale of Tax-Defaulted Property sent to the IRS on August 30, 2019, indicates that the date of sale was scheduled for October 25, 2019, and that the amount to redeem was $47,665.18 if paid before October 24.

25. It does not appear that the Subject Property was sold on that date or sold since.

26. On September 11, 2019, Ms. Shahkarami recorded an Abstract of Judgment regarding a judgment entered by the Santa Clara Superior Court on September 10, 2019.

27. The Abstract records $1,293,859.00 as the amount of judgment against both Mr. Baig and Villa Developer Inc.

28. A copy of the judgment attached to the Abstract indicates that the total net amount awarded against Mr. Baig is $993,859.00.

Complaint                                                    4

29. In accordance with 26 U.S.C. § 6323(f), on March 23, 2012, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a Notice of Federal Tax Lien with the Santa Clara County Clerk against Mr. Baig (Reception No. 21595592).

## CLAIM ONE: TO REDUCE TO JUDGMENT
## THE FEDERAL TAX ASSESSMENT AGAINST MR. BAIG

30. The United States incorporates the allegations stated in Paragraphs 1 through 29 as if fully stated here.

31. On September 5, 2011, a duly authorized delegate of the Secretary of the Treasury made a timely federal income tax assessment against Mr. Baig for unpaid federal income taxes for tax year 2007 in the amount of $2,426,429, plus $545,946.52 in failure to file penalty pursuant to 26 U.S.C. § 6651(a)(1), $606,607.23 in failure to pay penalty pursuant to 26 U.S.C. § 6651(a)(2), and $110,433.44 for failure to pay estimated tax pursuant 26 U.S.C. § 6654.

32. The IRS provided Mr. Baig timely notice of this assessment and made demand on him for payment as required by 26 U.S.C. § 6303.

33. Despite timely notice and demand for payment, Mr. Baig has neglected or refused to pay the assessment.

34. Based on interest and other statutory additions accruing through June 30, 2021, Mr. Baig owes a total of $5,963,577.96 with respect to the assessed taxes.

35. This balance remains outstanding and will continue to accrue unassessed interest and other statutory additions until fully paid.

## CLAIM TWO: TO FORECLOSE THE FEDERAL TAX LIEN AGAINST
## THE SUBJECT PROPERTY AND ORDER JUDICIAL SALE

36. The United States incorporates the allegations stated in Paragraphs 1 through 35 as if fully stated here.

37. Under 26 U.S.C. §§ 6321 and 6322, a federal tax lien for Mr. Baig's unpaid tax liability arose in favor of the United States on the date of assessment and attached to all of his property and rights to property, including his share of the Subject Property.

38. This federal tax lien continues to attach to the Subject Property and has priority over all interests in the Subject Property acquired after the attachment of the tax lien, subject to the provisions of 26 U.S.C. § 6323(a).

39. In accordance with 26 U.S.C. § 6323(f), on March 23, 2012, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a Notice of Federal Tax Lien with the Santa Clara County Clerk against Mr. Baig for the unpaid federal tax liability based on tax year 2007.

40. Under 28 U.S.C. § 7403(c), the United States is entitled to foreclosure of this tax lien and an order of sale of the Subject Property to enforce the lien.

## REQUEST FOR RELIEF

WHEREFORE, the United States respectfully requests the following relief:

A. Judgment in favor of the United States and against Naiz Baig for his unpaid federal tax liability in the amount of $5,963,577.96 as of June 30, 2021, plus interest and other statutory accruals until fully paid;

B. Judgment that, by virtue of the unpaid assessment for tax year 2007, the United States has a valid and subsisting federal tax lien on all property and rights to property belonging to Naiz Baig, whether real or personal, wherever located, and whether presently held or acquired in the future, including the Subject Property;

C. An order foreclosing the federal tax lien encumbering the Subject Property and directing that the Subject Property be sold to satisfy Naiz Baig's outstanding federal tax liability;

D. An order determining the validity and priority of all other liens, claims, or interests in the Subject Property, and directing that the proceeds from any judicial sale of such property be distributed accordingly;

E. A deficiency judgment in favor of the United States and against Naiz Baig in the amount of any tax indebtedness not satisfied by the Subject Property's sale; and

F. An order granting the United States its costs in bringing this action, and for such other relief as the Court deems just.

1 | Respectfully submitted August 30, 2021.

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Ty Halasz*
TY HALASZ (Colorado Bar)
Trial Attorney, Tax Division
United States Department of Justice

*Counsel for the United States*