UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NAIZ BAIG, et al.,<br><br>Defendants. | Case No. 21-cv-06692-WHO<br><br>**ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF**<br><br>Re: Dkt. No. 86 |

Plaintiff United States of America (hereafter, the "Government") moved for summary judgment against defendant Naiz Baig on May 9, 2025. The Government asks this court to (1) enter judgment in favor of the United States and against Baig for unpaid tax assessments for tax year 2007 in the amount of $2,986,954.67 as of March 21, 2025, and (2) foreclose federal tax liens encumbering Baig's one-half interest in real property located in San Jose, California. *See* Motion for Summary Judgment (the "Motion" or "Mot.") [Dkt. No. 86]. Baig has failed to file an opposition or otherwise respond to the Motion.

Baig has been largely absent from this litigation. On January 15, 2025, I granted Baig's former counsel's Motion to be Relieved as Counsel, after his former counsel explained that he had been unable to contact his client since March 2024. *See* Dkt. No. 77 (Motion to be Relieved); Dkt. No. 79 (Order Granting Motion to be Relieved). Baig did not appear at the hearing I held on the motion to be relieved. In fact, Baig did not participate in this litigation from March 2024 until June 2025, when he appeared on his own behalf at a hearing that I held after issuing a Notice of Intent to Grant Summary Judgment for the defendant. At that hearing, Baig indicated that he opposed the amount of taxes the Government asserted he owed, but that he did not have adequate paperwork to determine all outstanding taxes that were due. *See* Dkt. No. 89 (Minute Entry for

June 18, 2025 hearing). I directed the parties to confer via phone following the hearing to determine whether an agreed upon resolution was possible. I explained to Baig that if he did not reach an agreement with the Government, he needed to file a response to its motion for summary judgment within 45 days of the hearing (i.e. no later than August 4, 2025). That deadline passed with no response from Baig.

As I previewed in the Notice of Intent to Grant Summary Judgment [Dkt. No. 87] and again to Baig at the hearing, the evidence submitted by the Government supports summary judgment in its favor. Baig has offered no argument or evidence to refute this conclusion. Federal law requires all self-employed Americans to submit tax returns periodically that disclose their income and tax liabilities to the Internal Revenue Service ("IRS"). The evidence submitted shows that Baig failed to comply with this law. The following material facts are undisputed and support judgment in the Government's favor.

In 2007, Baig was running a business buying and selling real property. *See* Mot. Ex. 7 (Deposition of N. Baig ("Baig Depo.") 18-19). Every time he sold a property, the title company handling the sale would report to the IRS how much money Baig was paid; this happened five times in 2007, with proceeds totaling $6,965,000. Mot. 1-2; Baig Depo. 45:16-21. But in the wake of these transactions, Baig failed to comply with the provision of the federal Tax Code, 26 U.S.C. § 6072, that required him to file a personal income tax return by April 15, 2008, reporting his capital gain or loss from each sale he made in 2007. He did not file a tax return in 2007, and he did not pay the IRS any tax on his capital gains from the property sales. *See* Declaration of Alicia Longo ("Longo Decl.") ¶¶ 7-8.

Accordingly, on April 13, 2011, the IRS sent Baig a "statutory notice of deficiency," or "SNOD," for 2007. *Id.* ¶ 8; Longo Decl. Ex. 1. Baig did not petition the United States Tax Court to challenge the SNOD, *see* Longo Decl. ¶¶ 11-12, so on September 5, 2011, the IRS assessed $2,422,835 in income taxes against Baig resulting from the SNOD's proposed adjusted income for 2007. *Id.*; Longo Decl. Ex. 2. The IRS also found Baig liable for $1,262,987.19 in statutory additions to his tax liability. *Id.* On January 25, 2012, the IRS issued a notice and demand for payment of taxes. Longo Decl. ¶ 14. Baig has never made a full payment of the assessed amount

1 to the United States.

2 Baig and another individual, Eugene Sakai, acquired real property in San Jose, California, via grant deed dated October 6, 2008. *Id.* ¶ 15; *id.* Ex. 3. The Government states that under 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States upon all property and rights to property belonging to Baig when the IRS assessed the tax liabilities at issue in this case; accordingly, on March 23, 2012, the IRS recorded a notice of the federal tax lien with the Santa Clara County Recorder. Longo Decl. ¶ 17; *id.* Ex. 5.

The Government has met its burden in an action to collect taxes such that it is entitled to summary judgment. The Government has produced proof of the 2007 tax assessments in the form of the declaration of IRS Revenue Officer Alicia Longo, as it is required to. *See Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997). The Longo Declaration authenticates the accompanying account transcripts that show the assessments were made and explaining how the IRS made those assessments. *See United States v. Elmore*, No. C05-0810JLR, 2012 WL 12874763, at *6 (W.D. Wash. Nov. 11, 2012) (holding that an IRS agent's declaration provided the minimal evidentiary foundation required for the at-issue tax assessments to be entitled to a presumption of correctness), *aff'd*, 586 F. App'x 310 (9th Cir. 2014). Baig has failed to prove that those assessments are incorrect. The Government has also shown that a federal lien securing the assessments against Baig encumber his one-half interest in the San Jose property; this justifies entering summary judgment foreclosing the tax liens on that one-half interest. *See* 26 U.S.C. § 7404. Baig has made no showing otherwise.

Baig has not responded to any filings in this case, including the Government's motion for summary judgment, or otherwise participated in this litigation (other than to appear at the hearing on June 18, 2025) since March 2024. On June 10, 2025, I warned Baig that if he failed to file a response to the Government's motion by June 18, 2025, I would enter judgment for the Government on both of its claims and close this case. After the June 18 hearing, I gave Baig an additional six weeks after that deadline to either reach an agreement with the Government or otherwise file a response to its Motion. No response was filed. As such, and for the reasons laid out above, the Government is entitled to summary judgment on both of its claims.

3

The Government's motion is GRANTED, and summary judgment is entered in its favor. The Clerk shall enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

Dated: August 12, 2025



William H. Orrick
United States District Judge